# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| ISAAC DOBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-085 |
| | ) | |
| DR. MERCADO, | ) | |
| LSCI BUTNER MEDICAL | ) | |
| SERVICES, BUTNER, NC. | ) | |
| 25709, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Civil rights plaintiff Isaac Doby has submitted for filing a prison-conditions complaint arising from his incarceration at the Low Security Correctional Institution, Butner Federal Correctional Complex, in Butner, North Carolina. Doc. 1. Because his claims arise from events that transpired in Butner, North Carolina, and the defendant presumably is located there, the proper forum for this case is the United States District Court for the Eastern District of North Carolina. 28 U.S.C. § 1391(b) (venue); 28 U.S.C. § 1406 (permitting district courts to dismiss or transfer cases suffering from venue defects); 28 U.S.C. §

113(a) (explicitly noting that the "portion of Durham County encompassing the Federal Correctional Institution, Butner, North Carolina" falls within the Eastern District).[1] Accordingly, this case should be transferred to the Eastern District of North Carolina for all further proceedings.

**SO REPORTED AND RECOMMENDED** this 17th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[1] As was recently explained,

> [v]enue in a federal question case lies in the district in which any defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Public officials "reside" in the county in which they serve for purposes of venue in a suit challenging official acts. *Wichert v. Caruso*, 2007 WL 2904053, *3 (W.D.Mich.2007), *citing, Butterworth v. Hill*, 114 U.S. 128, 132, 5 S.Ct. 796, 29 L.Ed. 119 (1885), and *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir.), *cert. denied*, 411 U.S. 964, 93 S.Ct. 2142, 36 L.Ed.2d 685 (1973).

*Proctor v. Applegate*, 661 F. Supp. 2d 743, 781 (E.D. Mich. 2009).